UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LITTLE RIVER SEAFOOD, INC.,

    Plaintiff,

v.                                           Civil Action No.  2:18cv350

CMA CGM (AMERICA) LLC,

    Serve: CMA CGM (AMERICA) LLC
         c/o CT Corporation System, Registered Agent
         4701 Cox Road, Suite 285
         Glen Allen, Virginia 23060

and

CMA CGM S.A.,

    Serve:  CMA CGM S.A.,
         c/o Office of the Secretary of the Commonwealth
         Service of Process Department
         Post Office Box 2452
         Richmond, Virginia 23218-2452

ECT TRANSPORT LTD d/b/a SEAQUEST LINE,

    Serve:  ECT Transport Ltd. d/b/a/ Seaquest Line
         c/o AGILITY LOGISTICS, Agent for Service of Process
         240 Commerce Drive
         Irvine, CA 92602

    Defendants.

## COMPLAINT

Plaintiff Little River Seafood, Inc. ("Little River"), by counsel, for its Complaint alleges, upon information and belief as follows:

## Jurisdiction and Venue

1. This is a case regarding cargo transported over the high seas and is an admiralty and maritime claim within the meaning of Rule 9(h). Plaintiff invokes the maritime procedures specified in Fed. R. Civ. P. 9(h).

2. Jurisdiction of this court is also based on federal questions arising under the Carriage of Goods at Sea Act, 46 U.S.C. §§ 30701 *et. seq.* ("COGSA").

3. Venue is appropriate as a substantial portion of the events giving rise to this action occurred within this district.

## The Parties

4. Plaintiff is a citizen of Virginia organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in Reedville, Virginia.

5. Defendant CMA CGM (AMERICA) LLC ("CMA America") is a citizen of Virginia, as it is a limited liability corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in Norfolk, Virginia.

6. Defendant CMA CGM S.A. ("CMA S.A.") is a foreign company with a principal place of business in Marseille, France, which through its U.S. Agent, CMA CGM (America) LLC, maintains a principal place of business in the United States at 5701 Lake Wright Drive, Norfolk, Virginia.

7. Upon information and belief, Defendant ECT Transport LTD d/b/a Seaquest Line is not a registered corporation in the United States, but, pursuant to its tariff (Org. No. 010381), ECT Transport LTD d/b/a Seaquest Line ("Seaquest") has publicly identified an agent to accept service of process. Such recipient of service of process is designated as Agility Logistics with an

address of 240 Commerce Drive, Irvine, CA 92602.  Accordingly, and pursuant to 46 C.F.R. 515.24, Plaintiff has listed such agent as the recipient of service of this Complaint.

The Dispute

8. On or about May 31, 2017, Plaintiff and Seaquest executed a bill of lading for the carriage of 2600 cases of seven different varieties of perishable crabmeat shipped in 16 oz. cans, twelve (12) cans per carton ("Cargo"), attached hereto as **Exhibit A** (the "Agreement").

9. The Cargo from Belawan, Indonesia to Singapore was transported by the M/V MERATUS MEDIAN and from Singapore to Norfolk, Virginia by M/V CMA CGM TANCREDI. **Exhibit A.**

10. Upon information and belief, the M/V CMA CGM TANCREDI was operated by Defendant CMA America and/or CMA S.A., and that Defendants otherwise agreed to care for, protect, maintain, transport, and otherwise protect the cargo.

11. The Cargo was loaded undamaged onto the M/V MERATUS MEDIAN.

12. The Bill of Lading specified that Cargo temperature was to be maintained between 32° F to 38° F. **Exhibit A.**

13. The temperature tape from inside the container indicates that the temperature began to rise, reaching approximately 80°.

14. The M/V CMA CGM TANCREDI arrived in Norfolk, Virginia on or about July 6, 2017, when the Cargo was discovered to be a total loss.

15. Defendants were immediately notified and a marine surveyor with David A. Barto Marine LLC was dispatched to survey the damage.

16. Fair market value of the Cargo on July 6, 2017, was $538,635.00.

## COUNT I (COGSA Section 3 – Against All Defendants)

17. Plaintiff incorporates Paragraphs 1 through 16 of the Complaint fully as if there were set out herein.

18. At all times pertinent, Defendants were carriers as defined under COGSA. 46 U.S.C. § 30701.

19. At all times pertinent, the Cargo was in the custody of Defendants.

20. Pursuant to COGSA, Defendants, as carriers under COGSA, had responsibilities and owed certain obligations to Plaintiff:

> (1) The carrier shall be bound, before and at the beginning of the voyage, to exercise due diligence to—
>
> . . .
>
> > (c) Make the holds, refrigerating and cooling chambers, and all other parts of the ship in which goods are carried, fit and safe for their reception, carriage, and preservation.
>
> (2) The carrier shall properly and carefully load, handle, stow, carry, keep, care for, and discharge the goods carried.

46 U.S.C. § 30701, § 3(2).

21. Accordingly, Defendants, as carriers under COGSA, had an obligation under COGSA to properly and carefully load, handle, stow, carry, keep, care for, and discharge the Cargo, which included proper refrigeration and cooling of the ship.

22. Defendants failed to satisfy its obligations under COGSA by failing to exercise due diligence in the maintenance of the refrigeration of the Cargo.

23. Defendants failure to properly refrigerate the Cargo constitutes a failure to properly carry, keep, and care for the goods, *i.e.* the Cargo, as required by COGSA.

24. Defendants failure to exercise due diligence and follow its obligations under COGSA regarding the refrigeration and handling of the Cargo resulted in Plaintiff incurring damages in the amount of $538,635.00.

### COUNT II (Breach of Contract – Against All Defendants)

25. Plaintiff incorporates Paragraphs 1 through 24 of the Complaint fully as if there were set out herein.

26. On or about May 31, 2017, Defendants agreed, pursuant to a bill of lading, to transport the Cargo to Norfolk, Virginia. **Exhibit A**.

27. As outlined above, the Agreement set out specific requirements for the handling of the Cargo. **Exhibit A**.

28. Specifically, the Cargo temperature was to be maintained between 32° F to 38° F. **Exhibit A**.

29. Defendants failed to maintain the Cargo temperature as specified in the Agreement.

30. Defendants failure to follow the terms of the Agreement and deliver the Cargo as contracted constitutes a breach of the Agreement between the parties.

31. As a direct and proximate result of the Defendants' breach of contract, Plaintiff has suffered damages in the amount of $538,635.00.

### COUNT III (Negligence – Against All Defendants)

32. Plaintiff incorporates Paragraphs 1 through 31 of the Complaint fully as if there were set out herein.

33. As the shipper of the Cargo, Defendants had a duty to ensure that the Cargo was safely transported as specified and agreed to in the Agreement. **Exhibit A**.

34. Defendants breached that duty when they negligently caused the Cargo's temperature to not be properly maintained as specified in the Agreement.

35. As a direct and proximate result of the Defendants' negligence, Plaintiff has suffered damages in the amount of $538,635.00.

### COUNT IV (Breach of Bailment – Against All Defendants)

36. Plaintiff incorporates Paragraphs 1 through 35 of the Complaint fully as if there were set out herein.

37. Defendants were under statutory and common law duties and obligations as bailees to safely deliver the Cargo.

38. By delivering the Cargo in a defective condition, Defendants breached their statutory and common law duties and obligations as bailees to safely deliver the Cargo.

39. As a direct and proximate result of the Defendants' breach, Plaintiff has suffered damages in the amount of $538,635.00.

WHEREFORE, Plaintiff, Little River Seafood, Inc. prays that the Court enter judgment in favor of Plaintiff in an amount not less than $538,635.00, attorneys' fees and costs incurred herein, and such other and further relief as the Court deems just and proper.

LITTLE RIVER SEAFOOD, INC.

/s/ *Richard H. Ottinger*

Richard H. Ottinger (VSB No.: 38842)
Dustin M. Paul (VSB No.: 75287)
Vandeventer Black LLP
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757-446-8600
Facsimile: 757-446-8670
rottinger@vanblacklaw.com
dpaul@vanblacklaw.com
*Counsel for Little River Seafood, Inc.*