UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



**LITTLE RIVER SEAFOOD, INC.,**

    **Plaintiff,**

v.                                                  CIVIL ACTION NO. 2:18cv350

**CMA CGM (AMERICA), LLC, et al.,**

    **Defendants.**

### MEMORANDUM OPINION and ORDER

This matter comes before the court on the Motion to Amend and accompanying Memorandum in Support filed by Plaintiff Little River Seafood, Inc. ("Little River") on February 6, 2019. ECF Nos. 27, 28. Defendant ECT Transport, Ltd. d/b/a Seaquest Line ("ECT") filed a response to the Motion to Amend on February 20, 2019, addressing both Little River's proposed amendment, and the effect that Little River's amendment would have on ECT's Crossclaim. ECF No. 31. Little River did not file a reply.

### I.

On June 29, 2018, Little River filed its Complaint in this court against Defendants ECT; CMA CGM (America), LLC ("CMA CGM (America)"); and CMA CGM, S.A. ("CMA CGM"). ECF No. 1. On July 6, 2018, Little River filed an Amended Complaint, in which it added claims against Defendants Teucarrier No. 2 Corporation and Danaos Corporation. ECF No. 7. On September 4, 2018, Defendant ECT filed

its Answer to Little River's Amended Complaint, as well as a Crossclaim against Defendants CMA CGM (America) and CMA CGM, in which ECT seeks indemnity in the event it is found liable for Little River's injury. ECF No. 21.

Little River has not yet served Defendants CMA CGM (America), CMA CGM, Teucarrier No. 2 Corporation, or Danaos Corporation with a copy of its Complaint. ECT has not yet served Cross-Defendants CMA CGM (America) or CMA CGM with a copy of its Crossclaim. On January 17, 2019, this court entered two Show Cause Orders. ECF Nos. 23, 24. The court directed Little River to show cause why this action should not be dismissed without prejudice as to the Defendants Little River has not yet served, pursuant to Federal Rule of Civil Procedure 4(m), given that Little River has not served these Defendants within ninety (90) days of the Complaint being filed in this case. ECF No. 23. The court also directed Cross-Claimant ECT to show cause why its Crossclaim should not be dismissed without prejudice as to the Cross-Defendants it has not yet served, pursuant to Rule 4(m), given that ECT has not served these Cross-Defendants within ninety (90) days of filing its Crossclaim. ECF No. 24.

Little River filed a response to this court's Show Cause Order on February 6, 2019, in which it represented that three of the four Defendants that Little River has not served are foreign Defendants, and Little River has had difficulty effecting service

2

on these foreign Defendants. ECF No. 26.[1] Little River advised the court that it does not actually wish to pursue its claims against the unserved Defendants, and asked the court to allow Little River to amend its pleading to remove the unserved Defendants rather than having the court dismiss the unserved Defendants pursuant to Rule 4(m). Id.

On February 6, 2019, Little River filed a Motion to Amend and accompanying Memorandum in Support. ECF Nos. 27, 28. Little River seeks leave to amend its pleading to pursue claims only against Defendant ECT. ECF No. 28. Little River submitted a proposed Second Amended Complaint as an attachment to its Motion to Amend. ECF No. 27-1. The proposed Second Amended Complaint makes no substantive changes to Little River's claims against ECT, and removes all mention of the four unserved Defendants from Little River's Amended Complaint. Id.

On February 20, 2019, ECT filed a response to Little River's Motion to Amend, in which it argues that it will be prejudiced, if Little River is permitted to amend its pleading. ECF No. 31. ECT argues that its pending Crossclaim against CMA CGM and CMA CGM

---

[1] The remaining Defendant, which Little River did not mention in its response to this court's Show Cause Order, is Defendant CMA CGM (America). CMA CGM (America) is a limited liability company organized under the laws of Virginia, with its principal place of business in Norfolk, Virginia. Am. Compl. ¶ 5, ECF No. 7. Little River did not offer any explanation why CMA CGM (America) has not been served. See ECF No. 26.

3

(America) could become time-barred, if ECT does not prosecute the claim in the instant suit. Id. at 4. ECT requests that, if the court allows Little River to amend its pleading, ECT be allowed to convert its Crossclaim into a third-party complaint, and be allowed time to serve its third-party complaint on CMA CGM and CMA CGM (America), so that ECT's indemnity claim will continue to "relate back" to the date of filing of Little River's Complaint and will therefore not be time-barred. Id.

## II.

Federal Rule of Civil Procedure 15(a) provides that, although a party may amend its pleading once as a matter of right within twenty-one (21) days of serving the pleading, or within twenty-one (21) days of receiving service of a responsive pleading, "[i]n all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. Rule 15(a)(2) provides that the "court should freely give leave when justice so requires." Id. The court should only deny leave to amend a pleading when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

**III.**

There has been no bad faith on the part of Little River, and the amendment is not futile. See Johnson, 785 F.2d at 509. The issues here involve the element of prejudice claimed by ECT. See id. The first issue is whether Little River should be permitted to amend its pleading despite ECT's claim that the proposed amendment will prejudice ECT. The second issue is whether ECT should be permitted to persist in its indemnity claim against CMA CGM (America) and CMA CGM as part of this case, given that Little River wishes to abandon its claims against CMA CGM (America) and CMA CGM, and given the significant difficulty both parties have had in serving CMA CGM (America) and CMA CGM. For the reasons below, Little River's Motion to Amend is **GRANTED,** and ECT's Crossclaim is **DISMISSED WITHOUT PREJUDICE.** ECT's request to convert its Crossclaim into a third-party complaint is **DENIED.**

**A. Little River's Proposed Amendment**

Little River argues that its proposed amendment is proper because it would not prejudice ECT, and it would solve the service-of-process problems in this case. ECF No. 28 at 1. ECT argues that Little River's amendment will prejudice ECT because, if ECT does not bring its indemnity claim against CMA CGM and CMA CGM (America) in the instant suit, then ECT's indemnity claim will be time-barred by a "time-for-suit" provision. ECF No. 31 at 4-5.

5

The court may deny leave to amend a pleading if a proposed amendment would be prejudicial to the opposing party. Johnson, 785 F.2d at 509. However, the type of prejudice ECT complains of has not been recognized as sufficient to warrant denial of a Motion to Amend. When considering whether a party should be permitted to amend its pleading, the court looks to the substantive nature of the amendment, as well as the timing of the amendment. Id. An amendment is prejudicial to the opposing party if it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party" and "is offered shortly before or during trial." Id.

Under this precedent, ECT will not be prejudiced by Little River's proposed amendment. Little River offers the amendment at an early stage in the litigation, before discovery has commenced. Moreover, Little River does not add any new claims against ECT, or alter any of its existing claims against ECT. See ECF No. 27-1.

The type of prejudice that ECT complains of, that Little River's proposed amendment will harm ECT's legal positioning with respect to the indemnity claim that ECT wishes to bring, is not a proper ground for the court to deny Little River's Motion to Amend. ECT has also not offered any explanation why Little River must proceed with its claims against Defendants CMA CGM (America) and CMA CGM, given that Little River wishes to abandon those claims. Accordingly, Little River's Motion to Amend, ECF No. 27, is

**GRANTED**. The Clerk is **DIRECTED** to file Little River's proposed Second Amended Complaint, ECF No. 27-1.

### B. ECT's Indemnity Claim

ECT requests, because this court grants Little River's Motion to Amend, that ECT be permitted to convert its Crossclaim into a third-party complaint, and be allowed time to serve its third-party complaint on CMA CGM and CMA CGM (America). ECF No. 31 at 4. When determining whether to permit a party defendant to proceed on a third-party complaint, the court should consider whether the third-party complaint would increase judicial efficiency, and whether it would save time for the parties and the court. Propps v. Weihe, Black & Jeffries, 582 F.2d 1354, 1356 (4th Cir. 1978).[2]

---

[2] The court has greater discretion when deciding whether to permit a party to proceed in a crossclaim, in which a defendant asserts a crossclaim against another defendant, or a third-party complaint, in which a defendant raises a claim against an outsider who is not a party to the suit, than it does when there is a counterclaim, in which a defendant asserts a claim against a plaintiff. Under Federal Rule of Civil Procedure 13(a), a defendant must raise any counterclaim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," if raising such counterclaim "does not require adding another party over whom the court cannot acquire jurisdiction." Id. A counterclaim which meets the criteria of Rule 13(a) is considered a "compulsory counterclaim," and may not be filed in a separate or subsequent suit if it is not raised as a counterclaim. See, e.g., Sue & Sam Mfg. Co. v. B-L-S Const. Co., 538 F.2d 1048, 1050-51 (4th Cir. 1976). In contrast, a crossclaim or third-party complaint is not compulsory, and may be raised as a separate or subsequent suit. 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1431 (3d ed. 2010). The court has greater discretion whether to allow these claims because they may be filed separately. See id.

In this case, permitting ECT to maintain its indemnity claim as a third-party complaint against CMA CGM (America) and CMA CGM would add delay to this case and decrease judicial efficiency. This case has already been delayed for six (6) months because neither Little River or ECT has served the other parties to the Amended Complaint.[3] If ECT is permitted to proceed in its third-party complaint, the parties and the court would be further delayed from considering the merits of this suit so that ECT may formally serve CMA CGM (America) and CMA CGM.

ECT also stated in its response that it believes that a forum selection clause applies to ECT's indemnity claim, which would require ECT to bring its indemnity claim in the country of France, not in this United States court. ECF No. 31 at 3. Therefore, even

---

[3] In its response to the Motion to Amend, ECT admitted that it had not attempted to serve CMA CGM (America) or CMA CGM, but instead had only periodically contacted Little River to check on whether Little River had served these parties. ECF No. 31 at 2. ECT defended its actions as "standard practice." Id. It is true that, ordinarily, the plaintiff's service of process establishes jurisdiction over a cross-defendant, and a cross-claimant may subsequently electronically serve a crossclaim, such that no formal service of a crossclaim is often necessary. See 3 Moore's Federal Practice § 13.92 (3d ed. 2019). However, ECT still had an independent duty to serve its Crossclaim pursuant to Federal Rule of Civil Procedure 4, and had no legal authority to indefinitely assign its Rule 4 obligations to Little River. See id. § 5.02 (The relaxed service requirements of Federal Rule of Civil Procedure 5, including electronic service, do not apply to a party who has not been formally served in the case, and instead formal service pursuant to Rule 4 is the proper means of serving a pleading on that party.).

in the event ECT does successfully serve CMA CGM (America) and CMA CGM, the court would then likely have to dismiss these parties under the forum selection clause. Based on ECT's representations, permitting ECT additional time to attempt to bring CMA CGM (America) and CMA CGM into this suit will delay the proceeding, without benefit to the parties; will delay the court in reaching the merits of this suit; and will not aid judicial efficiency by allowing the resolution of multiple claims in an expedited manner.

Importantly, ECT will not be prejudiced, if this court does not permit it to proceed on its indemnity claim as a third-party complaint. ECT argues that, if the court does not permit ECT to proceed in its indemnity claim in the instant suit, ECT's indemnity claim will be time-barred by a "time-for-suit" provision that ECT believes applies to this case. ECF No. 31 at 3.[4] However, time-for-suit provisions do not apply to an indemnity claim. Hercules, Inc. v. Stevens Shipping Co., 698 F.2d 726, 735 (5th Cir. 1983) (en banc).

---

[4] ECT did not specify what time-for-suit provision it is concerned about. Time-for-suit provisions are common in maritime law, and frequently provide that an injured party may not recover against a carrier unless it commences suit within a fixed time period, often one year, from the date of the injury. See, e.g., Am. President Lines, Ltd. v. Coastal Transp., Inc., 1992 A.M.C. 2809, 2812 (W.D. Wash. 1992) (interpreting a time-for-suit provision in a bill of lading that provided: "In any event the Carrier and the Ship shall be discharged from all liability in respect of loss or damage to the Goods unless the suit is brought within one (1) year after delivery of the Goods . . . .").

Specifically, a time-for-suit provision cannot apply to ECT's indemnity claim because ECT's cause of action for indemnity will not accrue, if at all, until ECT has been found liable for causing Little River's injury, and a judgment has been entered against ECT. See id. Time-for-suit provisions should not be applied to an indemnity claim because a defendant, like ECT, has limited ability to protect itself from its claim becoming time-barred, since ECT is bound by the timeline that Little River chooses when Little River decides when to file and prosecute its claim against ECT. See id. ("As between potential defendants, an opportunity to hold liable the party primarily responsible should not be foreclosed by plaintiff-choice." (quoting ITT Rayonier, Inc. v. Southeastern Maritime Co., 620 F.2d 512, 515 (5th Cir. 1980)). In the event that ECT's liability is established in this case, a time-for-suit provision will not prevent ECT from later bringing a separate action seeking indemnity from CMA CGM (America), CMA CGM, or another party which ECT believes is responsible for Little River's injury.

Accordingly, ECT's request to convert its Crossclaim into a third-party complaint, ECF No. 31, is **DENIED**, and ECT's Crossclaim, ECF No. 21, is **DISMISSED WITHOUT PREJUDICE**. In the event that ECT is found liable for Little River's injury in this suit, ECT may timely refile its indemnity claim, and the court will consider it at that time.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for Little River and ECT.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

March 13, 2019